J-S25010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SOLOMON MCKEEVER ELLISON, III, | |
| Appellant | No. 743 EDA 2016 |

Appeal from the Judgment of Sentence February 5, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000167-2014

BEFORE:  BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 26, 2017**

Appellant, Solomon Mckeever Ellison, III, appeals from the judgment of sentence of an aggregate term of 30 to 60 years' incarceration, followed by 2 years' probation, imposed after he was convicted of, *inter alia*, involuntary deviate sexual intercourse (IDSI).  On appeal, Appellant avers that his sentence is illegal, and that the trial court erred by replacing a principal juror with an alternate juror after deliberations had begun.  After careful review, we affirm.

The trial court summarized the facts of Appellant's case, as follows:

> The incident in question occurred on December 9, 2013. [Appellant] and the Victim[] met online through [a] website. The Victim testified she went on the website because she needed money.  She started talking to [Appellant] frequently during the few days before the incident in question.  They discussed her financial issues and [Appellant] told her he would pay her for oral sex.  Eventually, the two made a plan to meet at her house. On the afternoon of December 9[th], [Appellant] arrived at the

Victim's house. Initially, [Appellant] and the Victim sat down to talk and smoke marijuana that she provided for them. After smoking, [Appellant] took out some money to pay the Victim for the agreed upon sexual contact, however, he only produced forty dollars even though they previously agreed to a payment of one hundred dollars. When the Victim refused to comply with [Appellant's] requests, he grabbed her hair, pulled her face to his crotch, and unbuttoned his pants. He also took out a box cutter. The Victim began to perform oral sex. He put the knife to the Victim's chin, and then he cut the bottom of her chin, which she did not notice until she saw blood on his pants. She back[ed] away to see what was wrong and a fight between the two ensued. [Appellant] attempted to drag the Victim up the stairs, however, the Victim resisted. When she resisted by screaming and pushing him, [Appellant] lifted her up [and] then slammed her onto the floor[,] as well as elbowing her in the face. When she pushed him back again … he fled out through the back [door]. Then, the Victim asked for help from a neighbor and called the police. The fight resulted in multiple injuries for the Victim[,] including bruises and an injured hand from [her hand] going through a window during the fight.

Trial Court Opinion (TCO), 8/10/16, at 2-3. In addition to this conduct, Appellant also fled from police when they attempted to arrest him. He was ultimately apprehended, however, and charged with various offenses.

Appellant proceeded to a jury trial and, on October 16, 2015, he was convicted of IDSI by forcible compulsion, 18 Pa.C.S. § 3123(a)(1); IDSI by threat of forcible compulsion, 18 Pa.C.S. § 3123(a)(2); indecent assault by forcible compulsion, 18 Pa.C.S. § 3126(a)(2); indecent assault by threat of forcible compulsion, 18 Pa.C.S. § 3126(a)(3); indecent assault without consent, 18 Pa.C.S. § 3126(a)(1); and sexual assault, 18 Pa.C.S. § 3124.1. On February 5, 2016, Appellant was sentenced to the aggregate term stated *supra*, which included a 25 year, mandatory minimum sentence for his IDSI by forcible compulsion conviction under 42 Pa.C.S. § 9718.2 (requiring a

mandatory minimum sentence of 25 years' incarceration for "[a]ny person who is convicted … of an offense set forth in section 9799.14 (relating to sexual offenses…)" and who, "at the time of the commission of the current offense … had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth").

Appellant filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Herein, Appellant presents two issues for our review:

> [I.] Whether the IDSI conviction coupled with 42 Pa.C.S. [§] 9718.2 constitutes a new, aggravated crime making the mandatory minimum sentence of 25 to 50 years illegal?
>
> [II.] Whether the … [t]rial [c]ourt erred when it employed the *per se* standard while reconstituting the jury during deliberations?

Appellant's Brief at 9.

In his first issue, Appellant argues that the trial court imposed an illegal sentence when it applied the mandatory minimum term of 25 years' incarceration required by 42 Pa.C.S. § 9718.2.  Appellant presents two arguments regarding why section 9718.2 is unconstitutional.  First, he claims that it violates the rule announced in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), which held that any fact that increases a mandatory minimum sentence is an element of the crime that must be found, beyond a reasonable doubt, by the fact-finder.  Appellant avers that section 9718.2 violates *Alleyne* because it contains a "proof at sentencing" provision that

explicitly states that "[t]he provisions of this section shall **not** be an element of the crime," and that "[t]he applicability of this section shall be determined at sentencing." 42 Pa.C.S. § 9718.2(c) (emphasis added). Appellant points to other mandatory minimum statutes that have been struck down as unconstitutional because they contain this same 'proof at sentencing' provision. **See** Appellant's Brief at 15-16 (citing **Commonwealth v. Wolfe**, 140 A.3d 651 (Pa. 2016) (striking down 42 Pa.C.S. § 9718 as unconstitutional under **Alleyne**), and **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015) (holding that 42 Pa.C.S. § 6317 is unconstitutional under **Alleyne**). Second, Appellant avers that section 9718.2 creates "a new, aggravated offense" and, therefore, the Commonwealth was required to provide notice of its intent to seek imposition of this mandatory sentence in the charging documents. Because the Commonwealth did not, Appellant contends that his due process rights were violated and his resulting sentence is illegal.

We will address Appellant's second argument first. We stress that the explicit language of section 9718.2 states that notice of the Commonwealth's intent to seek application of that provision "**shall not be required prior to conviction**...." 42 Pa.C.S. § 9718.2(c) (emphasis added). Thus, the very language of the statute defeats Appellant's argument that the Commonwealth was required to inform him of the mandatory sentence in the charging documents. Moreover, our Supreme Court recently rejected (albeit, in a *per curiam* order) the claim that section 9718.2 creates a new,

aggravated crime which requires notice prior to trial. *See Commonwealth v. Macklin*, 2017 WL 3623391 (Pa. 2017) (*per curiam* order affirming this Court's decision that section 9718.2 does not require notice in the charging document). In light of the plain language of the statute, and the Supreme Court's order in *Macklin*, we reject Appellant's argument that pretrial notice of the applicability of section 9718.2 was required.

We also reject Appellant's claim that the statute is unconstitutional under *Alleyne*. The application of the mandatory sentence in section 9718.2 was triggered by Appellant's prior conviction for an offense set forth in section 9799.14. *See* 42 Pa.C.S. § 9718.2(a)(1).

> Prior convictions are the remaining exception to *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Alleyne*…, insofar as a factfinder is not required to determine disputed convictions beyond a reasonable doubt to comport with the Sixth Amendment jury trial right. *See Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). However, the viability of this holding has been questioned, *see Almendarez–Torres, supra* (Scalia, J. dissenting); *Apprendi, supra* (Thomas, J. concurring), and five Justices appear to disagree with the *Almendarez* holding, to the extent a conviction would increase a defendant's maximum sentence; namely, Justices Scalia, Thomas, Ginsburg, Sotomayor, and Kagan. As noted by this Court, "[t]he precise issue has yet to be reconsidered by the United States Supreme Court following *Apprendi. See Alleyne, supra* at 2160 n. 1." *Commonwealth v. Watley*, 81 A.3d 108, 117 n. 3 (Pa. Super. 2013) (*en banc*).

*Commonwealth v. Hale*, 85 A.3d 570, 585 n.13 (Pa. Super. 2014). Thus, because the mandatory minimum sentences under section 9718.2 are

premised on prior convictions, that statute is not unconstitutional under the current state of the law.

In Appellant's next issue, he maintains that the trial court erred by replacing a principal juror (hereinafter, "Juror 10") with an alternate juror after deliberations had begun. By way of background, approximately one hour after the jurors began to deliberate in this case, Juror 10 informed the court that she could not properly consider evidence that Appellant had been convicted of motor vehicle robbery because she had been adjudicated delinquent of that same offense as a juvenile. **See** N.T. Trial, 10/16/15, at 89-90. Specifically, Juror 10 stated:

> Juror #10: … I told [the other jurors] that I could not convict [Appellant] on his history of the motor vehicle robbery because I once too was adjudicated delinquent for the same exact charges. So I can't use that history to make my decisions on him.

N.T. Trial, 10/16/15, at 90. However, when the court further questioned Juror 10, she stated that she could follow the court's instructions and consider Appellant's conviction for motor vehicle robbery in evaluating his credibility. **Id.** at 96-97. Nevertheless, the court determined that Juror 10 should be removed, and empaneled an alternate juror in her place. **Id.** at 100-01.

Appellant now claims that the court erred by dismissing Juror 10. In support, Appellant relies on **Commonwealth v. Pander**, 100 A.3d 626 (Pa. Super. 2014). There, a juror in Pander's trial became extremely upset over viewing photographs of the deceased victim. **Id.** at 631. However, the trial

court declined Pander's request to replace that juror with an alternate because, after questioning, the juror had twice indicated that she could remain impartial, "notwithstanding her emotional reaction…." *Id.* On appeal, Pander essentially contended that the juror was *per se* prejudiced, and that she should have been dismissed despite her statements that she could remain impartial. *Id.*

This Court rejected Panders' '*per se* prejudice' argument, noting that the juror's conduct must be assessed to decide the degree of prejudice, and whether the court had abused its discretion in deciding to remove that juror. *Id.* at 632. Ultimately, we concluded that "becoming upset over a photograph of a murder victim" did not indicate prejudice or "an inability to consider the evidence impartially." *Id.* at 632-33. We also stressed that "the trial court was satisfied by the juror's response that he or she could remain fair[,]" and because "the trial court … had the opportunity to view the juror in question," we refused to reconsider the court's decision. *Id.*

In the present case, the entirety of Appellant's argument regarding how our decision in **Pander** compels reversal in this case is as follows:

> [The] [t]rial [c]ourt employed the *per se* analysis that it says it would have used during voir dire had Juror 10 then disclosed [that] she had been adjudicated delinquent for misuse of an automobile. The [c]ourt applied the wrong standard to the detriment of [Appellant,] who wanted Juror 10 to continue deliberating and trial counsel preserved the issue. This was error under **Pander** because it was an abuse of discretion to in effect strike Juror 10 for cause and ignore her proclamation of impartiality.

Appellant's Brief at 25.

- 7 -

Appellant's brief argument does not compel us to conclude that the trial court abused its discretion. **See Commonwealth v. Treiber**, 874 A.2d 26, 31 (Pa. 2005) ("The discharge of a juror is within the sound discretion of the trial court. Absent a palpable abuse of that discretion, the court's determination will not be reversed."). Notably, the record does not support his claim that the court applied a *per se* prejudice standard. Instead, the record indicates that the court assessed Juror 10's statements indicating that she could **not** properly assess the evidence of Appellant's prior conviction, as well as her claims that she **could** follow the court's instructions pertaining to that evidence. In weighing the credibility of Juror 10's conflicting statements, the court also considered the fact that in its view, Juror 10 had not been forthcoming about her own criminal history during jury *voir dire*. **Id.** at 100-01. Ultimately, the court determined that Juror 10 should be dismissed, obviously premising that decision on its determination that Juror 10 was not credible. **See id.** Thus, the trial court here undertook a credibility assessment that was similar to the trial court in **Pander**, but simply reached the opposite conclusion that the principal juror should be replaced. We ascertain no abuse of discretion in the trial court's decision.[1]

_____

[1] We also point out that the trial court took protective measures when empaneling the alternate juror, including colloquying the alternate juror and instructing the jury to begin their deliberations anew. **See id.** at 107-113. Appellant does not acknowledge, let alone challenge, the propriety of these efforts. Therefore, while a presumption of prejudice to the defendant arises when an alternate juror is substituted after deliberations have begun, it is
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

President Judge Emeritus Ford Elliott joins this memorandum.

Judge Ransom concurs in the result.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: <u>9/26/2017</u>

---

*(Footnote Continued)* ───────────

apparent that that presumption was rebutted in this case. ***See Commonwealth v. Saunders***, 686 A.2d 25, 27 (Pa. Super. 1996) (declaring that, "where the trial court has substituted an alternate juror after deliberations have begun, there is a presumption of prejudice to the defendant[,]" which may be rebutted through "evidence which establishes that sufficient protective measures were taken to insure the integrity of the jury function").